UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIAQNA
SHREVEPORT DIVISION

ROSEMARIE D. THOMAS                    CIVIL ACTION NO. 17-cv-1119

VERSUS                                 JUDGE JAMES

CLECO, ET AL                           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Rosemarie D. Thomas ("Plaintiff"), who is self-represented, filed this civil action against CLECO, her former employer, for alleged race discrimination. Before the court is CLECO's Motion to Dismiss (Doc. 10) based on untimely service. For the reasons that follow, it is recommended that the motion be denied.

Plaintiff filed her complaint on September 5, 2017. A few days later, the court issued an order that advised Plaintiff of her obligations in the case, including the requirement under Federal Rule of Civil Procedure 4(m) that she serve the complaint within 90 days of the filing of her complaint. That deadline was noted to be December 4, 2017.

Plaintiff filed a request on November 13, 2017 that the U.S. Marshal be appointed to make service. Plaintiff was proceeding in forma pauperis, so the court was obligated by Rule 4(c)(3) to grant the request. The court issued an order (Doc. 8) that granted the motion and directed Plaintiff to provide the Clerk of Court with the necessary copies of her complaint, completed summons forms, and USM-285 forms. The court's internal records indicate that Plaintiff submitted those documents by November 27, 2017, and the Clerk transmitted them to the Marshal. The Marshal later filed a service return (Doc. 9) that

indicated CLECO had been served on December 11, 2017 (after an unsuccessful attempt on December 7).

CLECO asks the court to dismiss Plaintiff's complaint because CLECO did not receive the service papers until seven days after the 90-day period allowed by Rule 4(m). CLECO does not cite any prejudice. It merely argues that the court must dismiss the complaint due to the untimeliness and the absence of any showing of good cause for an extension.

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." It adds: "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Good cause is present, and the plaintiff may not be penalized, when a service delay is attributable to the court or the Marshal. Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir.1996); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987); Heard v. Knowles, 2015 WL 6835675 (W.D. La. 2015); Verrette v. Majors, 2008 WL 4793197, *2 (W.D. La. 2008). And "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013).

The record shows that Plaintiff made reasonably prompt efforts to request service by the Marshal, and Plaintiff promptly submitted the necessary paperwork when requested by the court. CLECO has not articulated any prejudice caused by the slight delay of seven

days, which would be difficult given that until recently the rule itself allowed 120 rather than 90 days. Furthermore, documents attached to the complaint show that CLECO was aware of this dispute based on the EEOC proceedings; the notice of right to sue was mailed to CLECO's chief compliance officer and general counsel, and the company was likely aware of the administrative charge well before that.

After consideration of all relevant circumstances, it is the opinion of the undersigned that good cause is present to excuse the delay in making service on CLECO. Even if there were not good cause, the undersigned would exercise discretion in these circumstances to extend the time for making service. The court should deny CLECO's motion and decline to dismiss this self-represented Plaintiff's civil action based on a seven-day delay in service that was beyond Plaintiff's control.

Accordingly,

**IT IS RECOMMENDED** that CLECO's **Motion to Dismiss (Doc. 10)** be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of January, 2018.

Mark L. Hornsby
U.S. Magistrate Judge