# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| ROSEMARIE THOMAS | CIVIL ACTION NO. 5:17-CV-1119 |
|---|---|
| VERSIS | JUDGE TERRY A. DOUGHTY |
| CLECO, ET AL | MAG. JUDGE MARK L. HORNSBY |

## RULING

Rosemarie Thomas ("Plaintiff"), acting pro se, filed this civil action against her employer ("Cleco") and her former manager and co-worker Trent McKinley ("McKinley"). Before the Court is McKinley's Motion to Dismiss [Doc. No. 24].

On April 18, 2018, Magistrate Judge Mark L. Hornsby issued a Report and Recommendation [Doc. No. 36], recommending that McKinley's motion be granted by (1) dismissing all claims against him under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and equivalent Louisiana anti-discrimination statutes and (2) dismissing all claims against all defendants brought pursuant to La. R.S. 14:40.5. The Magistrate Judge further recommended: "There are potentially other claims against Mr. McKinley, so he should not be dismissed as a defendant." [Doc. No. 36, p. 7].

On April 25, 2018, McKinley filed an Objection to the Magistrate Judge's Report and Recommendation, asking this Court to grant McKinley's Motion to Dismiss in its entirety.

On May 8, 2018, Plaintiff filed a pleading which the Court will construe as an Objection to the Magistrate Judge's Report and Recommendation.[1]

---

[1] **In view of the Court's Ruling, it is not necessary for Cleco or McKinley to respond to Plaintiff's Objection.**

Having conducted a *de novo* review of the record in this matter, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation of the Magistrate Judge. The Court DECLINES TO ADOPT Magistrate Judge Hornsby's recommendation that McKinley should remain a party because there are potentially other claims against him, but otherwise ADOPTS the Report and Recommendation.

The only "potential claim" identified by the Magistrate Judge was one for the intentional infliction of emotional distress. The Louisiana Supreme Court in *White v. Monsanto Co.*, 585 So.2d 1205 (La. 1991), recognized a cause of action for intentional infliction of emotional distress and set forth the elements which must be established: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. The Louisiana Supreme Court further stated, "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* at 1209.

In *Nicholas v. Allstate Ins. Co.,* 765 So.2d 1017, the Louisiana Supreme Court explained: "Although recognizing a cause of action for intentional infliction of emotional distress in a workplace setting, this state's jurisprudence has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time." *Id.* at 1026.

While mindful that *pro se* pleadings are to be liberally construed, this Court finds that Plaintiff's pleadings fail to rise to the level required by *White*. That Plaintiff *might* be able to state a claim against McKinley under a legal theory that she did not raise in her Complaint is not

enough. McKinley should not be left as a defendant in this case with no claims pending against him, nor should he serve as placeholder for claims that "might" be brought against him.

For the reasons set forth in Magistrate Judge Hornsby's Report and Recommendation, to the extent adopted, and for those additional reasons in this Ruling, the pending Motion to Dismiss [Doc. No. 24] will be GRANTED in its entirety, and Plaintiff's claims against McKinley are DISMISSED WITHOUT PREJUDICE. If Plaintiff wishes to amend her Complaint to state a claim against McKinley, she has 30 days from the date of this Court's Judgment to file an amended complaint.

Monroe, Louisiana, this 9th day of May, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**